**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ZUNIR WILSON-WALKER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 24-2773** |
| | : | |
| **GEORGE W. HILL CORRECTIONAL** | : | |
| **FACILITY, DELAWARE COUNTY** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                **July 17, 2024**

Incarcerated pretrial detainee Zunir Wilson-Walker pro se alleges unidentified individuals at George W. Hill Correctional Facility sexually and physically abused him approximately ten weeks ago. He wants us to award him damages, immunity from prosecution, and enter an Order directing the Facility and Delaware County to transfer him to another Facility. But he does not plead an individual acting under color of state law violated his constitutional or federal rights and he does not plead a Delaware County or George W. Hill Correctional Facility custom or policy caused his injury. He also does not plead who could transfer him to another Facility or how we may interfere with Pennsylvania custody designations. Mr. Wilson-Walker's sexual and physical assault allegations, liberally construed today and assumed to be true, offer grounds for concern. We granted Mr. Wilson-Walker leave to proceed without paying filing fees. Congress requires we now screen his allegations before issuing summons. Mr. Wilson-Walker does not state a claim for relief under our civil rights laws. We dismiss his claims without prejudice to timely plead facts including identifying persons acting under color of state law who deprived him of constitutional or federal rights, privileges, or immunities.

## I.      Alleged pro se facts

The Commonwealth detains Zunir Wilson-Walker at George W. Hill Correctional Facility in Delaware County awaiting his criminal trial date.[1] Unidentified "correctional officers/staff" at the George W. Hill Correctional Facility sexually and physically abused Mr. Wilson-Walker on April 30, 2024.[2] When Mr. Wilson-Walker told a supervisor he did not feel safe "they took [him] into a room in [the] intake area [and] sexually and physically humiliated [him]."[3] Mr. Wilson-Walker submitted multiple paper and electronic grievances to the Facility and contacted the "Prea hotline #90" about the abuse.[4]

Mr. Wilson-Walker submitted an emergency grievance reporting the April 30 abuse on May 9, 2024.[5] He reported unidentified staff "sexually violated [and] harassed" him on April 30 when he asked to fill out a PREA form to report sexual abuse.[6] He describes trauma, post-traumatic stress disorder, and the inability to sleep because he does not feel safe in the Facility.[7] He complains he is unable to contact his attorney and probation officer.[8] The Facility did not respond to his grievance.[9]

Mr. Wilson-Walker now sues the Facility and Delaware County under 42 U.S.C. § 1983 for violating his civil rights.[10] He seeks "immunity freedom" and $50,000 in "settlement" we construe as a demand for money damages.[11] He also asks us for a transfer out of the Facility for his safety. We granted his request to proceed without paying the filing fees after reviewing his sworn financial condition.[12]

## II.      Analysis

Congress requires us to screen Mr. Wilson-Walker's allegations after granting him leave to proceed without paying the filing fees and because the incarcerated Mr. Wilson-Walker "seeks redress from a governmental entity."[13] Congress in section 1915(e)(2)(B) requires we dismiss his

claim if the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."[14] When considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B), we apply the same standard provided in Federal Rule of Civil Procedure 12(b)(6).[15] Mr. Wilson-Walker must plead enough facts to state a claim for relief plausible on its face under Rule 12(b)6).[16] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] While "[t]he plausibility standard is not akin to a 'probability requirement,' it does require the pleading show 'more than a sheer possibility … a defendant has acted unlawfully.'"[18] "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient."[19] We are "mindful of our obligation to liberally construe a pro se litigant's pleadings … particularly where the pro se litigant is imprisoned."[20] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[21] But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules–they must abide by the same rules that apply to all other litigants."[22]

Mr. Wilson-Walker alleges unidentified persons violated his civil rights under 42 U.S.C. § 1983.[23] Section 1983 itself is not a source of substantive rights; it is a vehicle to vindicate federal rights "elsewhere conferred."[24] To state a claim under section 1983, Mr. Wilson-Walker must allege (1) a person acting under color of state law committed the complained-of conduct; and (2) the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.[25] Mr. Wilson-Walker may, at this stage, plead enough facts to state a claim state actors deprived him of constitutional rights through the sexual assault and potential failure to protect.[26] But he does not allege a "person" with personal involvement in the alleged sexual abuse

in violation of a constitutional right or Delaware County or the Facility may be liable for maintaining a policy or custom in violation of a constitutional right.

### A.  Mr. Wilson-Walker does not identify a person acting under color of state law.

Mr. Wilson-Walker must first allege a "person" deprived him of a constitutional right while acting under color of state law. Mr. Wilson-Walker must allege facts identifying "the conduct, time, place, and persons responsible" for the alleged harm to state a claim under section 1983.[27] Mr. Wilson-Walker did not allege a person responsible for the alleged abuse; he alleges only unidentified "correctional officers" and "staff" abused him. Mr. Wilson-Walker must identify "discrete defendants and the actions taken by [the] defendants."[28]

 Mr. Wilson-Walker must also allege sufficient facts showing the personal involvement of an individual defendant acting in his or her individual capacity.[29] Personal involvement may be shown through "allegations of personal direction or of actual knowledge and acquiescence."[30] Mr. Wilson-Walker must allege participation in or actual knowledge and acquiescence with "appropriate particularity."[31] We do not know which correctional officer or staff member abused Mr. Wilson-Walker and the individual's or individuals' personal involvement in the challenged conduct. We grant Mr. Wilson-Walker leave to amend to allege a state actor with personal involvement with the alleged sexual abuse.

Mr. Wilson-Watson does not plausibly state a claim to the extent he intended to allege a Facility supervisor is liable for the alleged abuse under a theory of supervisory liability. A supervisor may be personally liable under section 1983 if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm" or participated in violating Mr. Wilson-Watson's rights,  directed others to violate them, or, as the supervisor, knew of and acquiesced in the subordinate's (or

subordinates') violations.[32] Mr. Wilson-Walker does not plead facts allowing us to plausibly infer

these claims, including identifying a supervisor responsible for the alleged abuse.

    **B.  The Facility is not a "person" for civil rights liability and Mr. Wilson-Walker does not identify a policy or custom and decisionmaker possibly allowing us to consider the County's municipal liability.**

    Mr. Wilson-Walker sued the George W. Hill Correctional Facility and Delaware County.

He does not presently state a claim against these entities.

    The Facility is not a "person" capable of being sued within the meaning of section 1983.[33]

We dismiss Mr. Wilson-Walker's claims against the Facility with prejudice.

    Local governments, like Delaware County, may be liable as "persons" under section 1983.

But its liability extends only to its own conduct and it is not vicariously liable for the conduct of

its employees.[34] It could be liable under a municipal liability or a "*Monell*" claim.[35] Delaware

County can only be liable if its policy or custom caused the alleged constitutional violation.[36]A

"policy" is made when a "decisionmaker" with "final authority to establish a municipal policy

with respect the action issues an official proclamation, policy, or edict."[37] A "custom" is conduct,

not authorized by law, "so permanently and well-settled as to virtually constitute law."[38] "Custom

requires proof of knowledge and acquiescence of the decisionmaker."[39]

    Mr. Wilson-Watson did not identify a "policy" or "custom" and conduct by a municipal

decisionmaker. We allow Mr. Wilson-Watson to amend to allege a policy or custom implemented

by a decisionmaker causing his alleged constitutional violation.

**III.  Conclusion**

    We dismiss Mr. Wilson-Walker's civil rights claims against the George W. Hill Correctional

Facility with prejudice. We grant Mr. Wilson-Walker leave to amend to identify a person or persons

personally involved in the alleged assault against him and to identify a policy or custom of Delaware County causing the constitutional violation consistent with this Memorandum.

---

[1] ECF No. 2.

[2] *Id.* at 12–13 (using the pagination supplied by the CM/ECF docketing system).

[3] *Id.*

[4] *Id.* The "Prea hotline" appears to refer to the Prison Rape Elimination Act, 34 U.S.C. § 30302 *et seq.* ("PREA").The Prison Rape Elimination Act is a federal statute with methods for inmates to report sexual abuse and harassment. *Prison Rape Elimination Act,* COMMONWEALTH OF PENNSYLVANIA, https://www.pa.gov/en/agencies/cor/resources/prison-rape-elimination-act.html (last visited Jun. 28, 2024).

[5] ECF No. 2 at 15.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 7.

[10] *Id.* at 3, 5.

[11] *Id.*

[12] ECF No. 6.

[13] 28 U.S.C. § 1915A(a).

[14] 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[15] *Elansari v. Univ. of Pa.,* 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[17] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[18] *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs*., 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

[19] *Id.*

[20] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) and citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013) (italics omitted)).

[21] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala*, 704 F.3d at 244). Under Rule 8(e), "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). We are directed by our Court of Appeals this liberal standard is "even more pronounced" where, as here, a plaintiff files a complaint pro se, without assistance of counsel, to "protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) and citing *Higgs*, 655 F.3d at 339).

[22] *Yogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245).

[23] ECF No. 2. Section 1983 provides, in relevant part: "Every person who, under color of any statute … of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, …." 42 U.S.C. § 1983.

[24] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[25] *Schneyder v. Smith,* 653 F.3d 313, 319 (3d Cir. 2011).

[26] Sexual abuse of inmates by persons working in correctional facilities may give rise to a claim for relief under the Eighth Amendment. *Ricks v. Shover*, 891 F.3d 468 (3d Cir. 2018). Because Mr. Wilson-Walker is a pretrial detainee, we analyze his claim as a Fourteenth Amendment excessive force claim requiring Mr. Wilson-Walker to allege facts plausibly showing objectively unreasonable actions by a defendant. *Chin v. Warfel*, No. 23-4220, 2024 WL 665536, at *4 (E.D. Pa. Feb. 15, 2024). *See also E.D. v. Sharkey*, 928 F.3d 299, 306–07 (3d Cir. 2019) (immigration detainees, like pretrial detainees, entitled to the same due process protections to be free from sexual assault while detained). Mr. Wilson-Walker must allege facts "'the force purposely or knowingly used against him was objectively unreasonable,' meaning 'that the actions [were] not rationally related to a legitimate nonpunitive governmental purpose.'" *Clark v. Doe-Walker*, No. 19-2235, 2020 WL 564756, at *2 (E.D. Pa. Feb. 5, 2020) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015) (cleaned up). "Plausible allegations of sexual assault meet the standard of impermissible punishment because sexual assault cannot and does not serve a legitimate governmental objective." *White v. Massini*, No. 22-1230, 2022 WL 1103793 (E.D. Pa. Apr. 13, 2022).

Mr. Wilson-Walker alleges he told an unpleaded supervisor he did not feel safe. ECF No. 2 at 12. Unpleaded persons took Mr. Wilson-Walker into a room in the intake area and "sexually and physically humiliated [him] as a human [and] forced [his] clothes off of [his] body [and] and touched [him sexually]," describing an unidentified person's knee "in between his naked bottom" and "grip[ping] up [his] penis multiple times." *Id.* These allegations plausibly state a sexual assault, but he does not allege who assaulted him and how the County is possibly liable for the alleged

sexual assault through a policy or custom. He also does not plead how we could order a non-party to transfer his custody. *See* 61 PA. CONS. STAT. ANN. § 1151(b)(West 2009).

Mr. Wilson-Walker's mention of his hope to be transferred based on the alleged sexual assault also does not, at this stage, state a claim. He does not have a constitutional right to a particular correctional facility. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (the Constitution does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) ("an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State …"); *Aliahmed v. Troxler*, 839 F. App'x 675, 677 (3d Cir. 2021) (per curiam) (there is no cognizable liberty interest in being confined in any particular institution); *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 225-26 (3d Cir. 2015) (an inmate does not have the right to be placed in any particular prison and a state has broad authority to confine an inmate in any of its institutions). Under Pennsylvania law, "[a]n inmate does not have a right to be housed in a particular facility or in a particular area within a facility." 37 Pa. Code § 93.11(a)

Mr. Wilson-Walker may also plead, if the facts and present risks confirm after exhausting his internal grievance process, a failure to protect by identified state actors in the Facility by swearing as to facts allowing us to plausibly infer (1) he is "incarcerated under conditions poising a substantial risk of serious harm" and (2) a prison official acted with "deliberate indifference" to his health and safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). As a pretrial detainee, any challenge by Mr. Wilson-Walker to the conditions of his confinement are considered under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *Burton v. Kindle*, 401 F. App'x 635, 637 (3d Cir. 2010) (per curiam) (citing *Bell v. Wolfish*, 441 U.S. 520, 535–36 (1979)). The "proper inquiry" under the Fourteenth Amendment is "whether [the challenged] conditions amount to punishment of the detainee." *Id.* (quoting *Bell*, 441 U.S. at 535). Where a pretrial detainee challenges prison official's "episodic acts or omissions," rather than the "general conditions, practices, rules, or restrictions of pretrial confinement," the pretrial detainee must plead a prison official acted with deliberate indifference. *Id.*

[27] *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005)).

[28] *Garrett*, 938 F.3d at 93.

[29] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[30] *Id.*

[31] *Id.* at 1207-1208.

[32] *Barkes v. First Correctional Medical, Inc.,* 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds*, *Taylor v. Barkes*, 575 U.S. 822 (2015) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)).

[33] *Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (per curiam) (affirming dismissal of claims against a county prison because the prison is not a person capable of being sued under

section 1983) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *see also Mercer-Spencer v. Spencer*, No. 24-824, 2024 WL 1704702, at *2 (E.D. Pa. Apr. 19, 2024) (dismissing with prejudice claims against Berks County Jail Systems because it is not a "person" under section 1983) (collecting cases).

[34] *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citations omitted).

[35] So named after the Supreme Court's decision in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The Supreme Court in *Monell* held "[l]ocal governing bodies ... can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690 (footnote omitted).

[36] *McTernan v. City of York, PA*, 564 F.3d 636, 657 (3d Cir. 2009) (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)) *See also Porter v. City of Phila.*, 975 F.3d 374, 383 (3d Cir. 2020) (a municipality is only liable under section 1983 for constitutional violations caused by its official policies and customs) (citations omitted).

[37] *McTernan*, 564 F.3d at 658.

[38] *Id.*

[39] *Id.*